IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DSW, INC. and DSW SHOE WAREHOUSE, INC., | |
| Plaintiffs, | Case No. 2:08-cv-455 |
| Vs. | Judge: |
| ZAPPOS.COM, INC. and COMMISSION JUNCTION, INC., | |
| Defendants. | |

**COMPLAINT AND JURY DEMAND**

1.      Plaintiffs, DSW Inc. and DSW Shoe Warehouse, Inc., by their attorneys,

for their Complaint, allege as follows:

**Nature of the Action**

2.      This is an action for service mark infringement, false designation of

origin, false advertising, unfair competition and deceptive trade practices in violation of the laws

of the United States and the State of Ohio.

**The Parties**

3.      Plaintiff DSW Inc. ("DSW") is a Ohio corporation having its principal

place of business at 810 DSW Drive, Columbus, Ohio 43219.

4.      Plaintiff DSW Shoe Warehouse, Inc. ("DSW Shoe") is a Missouri

corporation having a principal place of business at 810 DSW Drive, Columbus, Ohio 43219.

DSW Shoe is a wholly-owned subsidiary of DSW, and DSW Shoe holds title to certain of the

intellectual property of DSW.

5.      On information and belief, defendant Zappos.com, Inc. ("Zappos") is a California corporation having a place of business at 2280 Corporate Circle, Suite 100, Henderson, Nevada 89074.  Zappos conducts substantial, systematic and continuous business in the State of Ohio, including this judicial district.

6.      On information and belief, defendant Commission Junction, Inc. ("Commission Junction") is a Delaware corporation having a place of business at 530 East Montecito Street, Santa Barbara, California 93013.  Commission Junction conducts substantial, systematic and continuous business in the State of Ohio, including this judicial district.

## Jurisdiction and Venue

7.      This action arises under the trademark laws of the United States, the Lanham Act, 15 U.S.C. § 1051 *et seq*., and under the statutory and common law of the State of Ohio.

8.      Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a).  Subject matter jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).  The defendants are subject to personal jurisdiction pursuant to O.R.C. § 2307.382

9.      Venue in this court is based upon 28 U.S.C. §§ 1391(b) and (c).

## Background Facts for DSW

10.      DSW is the owner of the **DSW**, **DSW Shoes** and **DSW Shoe Warehouse** trademarks and service marks for use in connection with the sale of men's, women's and children's dress, casual and athletic shoes, as well as clothing accessories, and DSW is a leading U.S. specialty branded footwear retailer.

11.     DSW opened its first DSW shoe store in 1991 in Dublin, Ohio, and it now operates over 259 shoe stores in 37 states.  DSW offers a wide selection of better-branded dress, casual, and athletic footwear for women and men.  DSW caters to brand, quality and style conscious shoppers.

12.     DSW and its predecessor have expended large sums of money over more than 20 years in the advertising of goods and services under the **DSW**, **DSW Shoes** and **DSW Shoe Warehouse** marks throughout the United States, including the State of Ohio.  As a result of this long and widespread sale of footwear, and advertising of footwear, under the **DSW**, **DSW Shoes** and **DSW Shoe Warehouse** marks, DSW has become well known to the public, and DSW has established extensive good will and public recognition for the **DSW**, **DSW Shoes** and **DSW Shoe Warehouse** marks.  As a result of the activities of DSW, the **DSW**, **DSW Shoes** and **DSW Shoe Warehouse** marks are distinctive and have become famous.

13.     DSW is the owner of the United States trademark and service mark registrations listed below:

**DSW**, U.S. Reg. No. 1,891,493, registered April 25, 1995, for retail shoe store services;

**DSW Shoe Warehouse**, Reg. No. 1,895,449, registered May 23, 1995, for retail shoe store services;

**DSW Shoe Warehouse** and Design, Reg. No. 2,238,281, registered April 13, 1999, for retail store services in the field of footwear, dress and casual shoes, athletic footwear, boots, hosiery, socks, overshoes and rubbers, shoe polish, shoe trees, and umbrellas;

**DSW Shoes**, Reg. No. 2,356,300, registered June 6, 2000, for purses, handbags and umbrellas, footwear, and for retail shoe store services in the field of footwear, hosiery and clothing accessories; and

**DSW Shoes** and Design, Reg. No. 3,273,387, registered August 7, 2007, for retail store services in the field of footwear, hosiery and clothing accessories.

Each of these registrations is valid and subsisting. Registration Nos. 1,891,493; 1,895,449; 2,238,281; and 2,356,300 are incontestable pursuant to 15 U.S.C. § 1065, and are conclusive evidence of the validity of the marks, the validity of the registrations, DSW's ownership of the marks, and DSW's exclusive right to use the marks in commerce. These marks and registrations are referred to collectively herein as the "DSW Marks."

14. Since at least 2000, DSW has operated an Internet website under the domain name www.dswshoes.com. DSW used its Internet website to advertise its stores, and the footwear and clothing accessories available in the stores, but consumers were not able to purchase items through the website.

15. In April of 2008, DSW began operation of a new Internet website at www.dsw.com. DSW also advertises its stores, and the footwear and clothing accessories available in the stores on this new website as it did on its original website. However, consumers are also able to purchase men's and women's footwear directly from the new dsw.com website.

## Activities of the Defendants

16. On information and belief, Zappos is an on-line retailer of principally shoes, although it also sells clothing, handbags, luggage and accessories, and operates an Internet website under the domain name www.zappos.com. Zappos is a competitor of DSW.

17. On information and belief, Commission Junction is a provider of online advertising using what Commission Junction refers to as affiliate marketing. Among the "affiliate marketing" methods used by Commission Junction for its clientele is to provide affiliate links to the client from a website having a name similar or the same as that of an established retailer to attract potential customers searching the Internet for the established

retailer, or information about the established retailer, and to then redirect the customer to the Internet website of the client of Commission Junction.

18.    On information and belief, and without the permission of DSW, Commission Junction is providing affiliate links for and on behalf of, Zappos to Internet websites at the domain names www.dswreview.com, www.dsw-shoes.net and www.dswshoesreview.com.  Printouts of the home pages from each of those Internet websites are attached hereto as Exhibits 1-3, respectively (hereinafter "Defendants' DSW Websites").

19.    Each of Defendants' DSW Websites purports to be a website providing reviews of DSW.  Each includes, without the permission of DSW, the DSW Marks on the web pages and in the metatags (see printouts of the source data the homepages attached hereto as Exhibits 4-6, respectively), each includes photographs of the exterior and/or interior of DSW shoe stores, and each creates the erroneous impression the website was created, sponsored by, and/or authorized by DSW when, in fact, Defendants' DSW Websites have no connection or association with DSW.

20.    Each of Defendants' DSW Websites includes a prominently displayed link stating "Click Here to Buy Shoes," and two of the websites include a prominently displayed link stating "Buy Shoes For Free Shipping & Returns."  These links cause a consumer to believe that he or she will be linked to a DSW-related Internet website.  However, when a consumer clicks on these links, he or she is redirected to a domain operated by Commission Junction, which in turn redirects the consumer to the Internet website of Zappos, namely, www.Zappos.com.

21.    On information and belief, the use by Defendants of the DSW Marks on and in connection with Defendants' DSW Websites has caused, and will continue to cause, confusion and a likelihood of confusion among consumers that are seeking DSW and/or seeking

to purchase shoes from DSW, and as to the source, sponsorship, and/or affiliation of Defendants' DSW Websites.

22.     On information and belief, the use by Defendants of the DSW Marks, and the infringement by Defendants of the DSW Marks, was and continues to be willful, and was and continues to be done with full knowledge of DSW's rights in the DSW Marks.

## COUNT I

### Federal Trademark And Service Mark Infringement

23.     This is a cause of action for federal trademark and service mark infringement under 15 U.S.C. § 1114.

24.     The allegations of paragraphs 1-22 are incorporated by reference as though fully set forth herein.

25.     The use by Defendants of the DSW Marks as part of the domain names www.dswreview.com, www.dsw-shoes.net and www.dswshoesreview.com, on the webpages found at Defendants' DSW Websites, and in redirecting consumers to the Internet website www.Zappos.com with the intent that the consumers purchase shoes from Zappos, constitutes a use in commerce of a reproduction, counterfeit, counterfeit, copy or colorable imitation of DSW's registered **DSW**, **DSW Shoe** and **DSW Shoe Warehouse** marks in connection with the sale, offering for sale and/or advertising of goods or services.  Such use has caused, and is likely to continue to cause confusion, or to cause mistake or to deceive in violation of 15 U.S.C. § 1114(1)(a) and constitutes an infringement of the DSW Marks.

26.     The acts of Defendants complained of herein have damaged, are damaging, and are likely to continue to damage DSW.

27.     The acts of Defendants complained of herein have caused, and will continue to cause, irreparable harm to DSW for which there is no adequate remedy at law, and have caused, and will continue to cause, DSW to suffer monetary damage in an amount thus far not determined.

## COUNT II

### False Designation of Origin and False Descriptions and Misrepresentations

28.     This count is for false designation of origin and false descriptions and misrepresentations under 15 U.S.C. § 1125(a).

29.     The allegations of paragraphs 1-27 are incorporated by reference as though fully set forth herein.

30.     The use by Defendants' of the DSW Marks as part of the domain names www.dswreview.com, www.dsw-shoes.net and www.dswshoesreview.com, on the webpages found at Defendants' DSW Websites, and in redirecting consumers to the Internet website www.Zappos.com with the intent that the consumers purchase shoes from Zappos, is a false or misleading designation of origin, and a false description or misrepresentation that is likely to cause confusion or mistake among consumers that Defendants' DSW Websites are affiliated, connected or associated with DSW, or that they originated with, or are sponsored or approved by, DSW when in fact they are not, and are in violation of 15 U.S.C. § 1125(a)(1).

31.     The acts of Defendants complained of herein have damaged, are damaging, and are likely to continue to damage DSW.

32.     The acts of Defendants complained of herein have caused, and will continue to cause, irreparable harm to DSW for which there is no adequate remedy at law, and

have caused, and will continue to cause, DSW to suffer monetary damage in an amount thus far not determined.

## COUNT III

### Violation of the Ohio Deceptive Trade Practices Act

33.     This is a cause of action for violation of the Ohio Deceptive Trade Practices Act O.R.C. § 4165.01 *et seq*.

34.     The allegations of paragraphs 1-32 are incorporated by reference as though fully set forth herein.

35.     Defendants, by their conduct, have intentionally, willfully, and in bad faith appropriated DSW's famous DSW Marks.  The actions of Defendants were intended to pass off Defendants' DSW Websites as those of DSW so as to cause likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' DSW Websites, and to cause likelihood of confusion or misunderstanding of consumers as to the affiliation, connection, or association of Defendants' DSW Websites with DSW, all in violation of O.R.C. § 4165.02.

36.     On information and belief, Defendants have willfully engaged in the conduct complained of herein knowing the same to be deceptive.

37.     The acts of Defendants complained of herein have damaged, are damaging, and are likely to continue to damage DSW.

38.     The acts of Defendants complained of herein have caused, and will continue to cause, irreparable harm to DSW for which there is no adequate remedy at law, and have caused, and will continue to cause, DSW to suffer monetary damage in an amount thus far not determined.

WHEREFORE, DSW, Inc. and DSW Shoe Warehouse, Inc. pray:

A.     That a Judgment be entered for DSW, Inc. and DSW Shoe Warehouse, Inc. and against Defendants Zappos.com, Inc. and Commission Junction, Inc. as to each of the above claims.

B.     That Defendants Zappos.com, Inc. and Commission Junction, Inc., their agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them, be preliminarily enjoined during the pendency of this action and thereafter permanently enjoined and restrained from any use of the designations "DSW," "DSW Shoe" and "DSW Shoe Warehouse," and of any other colorable imitation of the DSW Marks, in connection with the advertisement, offer for sale, or sale of shoes, including the operation of any Internet website related thereto.

C.     That Defendants Zappos.com, Inc. and Commission Junction, Inc., their agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them, be preliminarily enjoined during the pendency of this action and permanently enjoined from representing or passing off by words or implications that they and/or any company with which they are involved is affiliated or associated with, or sponsored or authorized by, DSW and that they be enjoined from infringing the DSW Marks.

D.     That Defendants Zappos.com, Inc. and Commission Junction, Inc. be ordered  to transfer and/or cause to be transferred to DSW the Internet domain names www.dswreview.com, www.dsw-shoes.net and www.dswshoesreview.com, and any other domain names they possess or control that include the term "DSW" as part of the name.

E.     That Defendants Zappos.com, Inc. and Commission Junction, Inc. be ordered to file with this court and serve on DSW within thirty days after entry of final judgment of this cause a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the final judgment.

F.     That DSW be awarded all profits realized by Defendants and all damages sustained by DSW by reason of Defendants' trademark and service mark infringement, false designation of origin, false descriptions and misrepresentations, and violation of the Ohio Deceptive Trade Practices Act, that Defendants are jointly and severally liable for such an award, and that any such award be trebled in view of Defendants' willful conduct pursuant to 15 U.S.C. § 1117(a).

G.     That this is an exceptional, willful, and flagrant case and that DSW be awarded the cost of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and O.R.C. § 4165.03(B).

H.     For such other and further relief as the nature of the case may require and as may be deemed just and equitable.

## JURY DEMAND

Plaintiffs DSW, Inc. and DSW Shoe Warehouse, Inc. hereby demand and request trial by jury of all issues that are triable by jury.

Respectfully submitted,

Dated: May 12, 2008

/s/ Theodore R. Remaklus
Theodore R. Remaklus
Trial Attorney
tremaklus@whepatent.com
Wood, Herron & Evans, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Tel.:  (513) 241-2324
Fax:  (513) 421-7269

Counsel for Plaintiff
DSW, Inc. and DSW Shoe Warehouse, Inc.