IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DSW, INC., et al.,

    **Plaintiffs,**

vs.
                              Case No. 2:08-CV-455
                              JUDGE EDMUND A. SARGUS, JR.
                              Magistrate Judge Kemp

ZAPPOS.COM, INC., et al.,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Zappos.com, Inc.'s ("Zappos") Motion to Dismiss Plaintiff's complaint under Civil Rule 12(b)(6), or in the alternative, motion for joinder of a necessary party under Rules 12(b)(7) and 19. (Doc. 11). Plaintiff DSW, Inc. and DSW Shoe Warehouse, Inc. ("DSW") opposes the motion to dismiss, and seeks leave to amend its complaint to correct any deficiencies in lieu of dismissal. (Doc. 17). For the reasons that follow, and under Civil Rule 15(a), the Court GRANTS Plaintiff's motion to amend its complaint to include additional facts sufficient to state a claim. Defendant Zappos' Motion to Dismiss is DENIED, without prejudice.

### I.

According to Plaintiff's complaint, Defendant Zappos.com is an on-line retailer of shoes, clothing, handbags, luggage and accessories, and is a competitor of DSW. (Compl. at ¶16). Defendant Commission Junction provides affiliate marketing services to clients on the internet. (Id. at ¶17). The complaint alleges that DSW's registered trademarks are being infringed through

their unauthorized use on various websites, and that "Commission Junction is providing affiliate links for and on behalf of, Zappos to Internet websites at the domain names www.dswreview.com, www.dsw-shoes.net and www.dswshoesreview.com." (Id. at ¶18). The complaint contains three causes of action for "Federal Trademark and Service Mark Infringement", "False Designation of Origin and False Descriptions and Misrepresentations", and "Violation of the Ohio Deceptive Trade Practices Act." Each cause of action is asserted against "Defendants" generally, without distinction between them. For its remedy, Plaintiff seeks to enjoin Defendants from using trademarks belonging to DSW, and to have the offending domain names transferred to DSW.

Defendant Zappos has moved to dismiss the complaint under Civ. R. 12(b)(6) for failure to state a claim against it, and under Civ. R. 12(b)(7) for failure to join the owners of the domain names in question. Specifically, Zappos contends that the complaint does not allege any facts that would support a finding of liability against Zappos, Zappos does not own or control the domain names in question, there is no allegation or proof of agency between Zappos, Commission Junction and the affiliates, and the owners of the domains are not parties.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

In *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007), the Sixth Circuit Court of Appeals affirmed the dismissal of a complaint, and analyzed the standard under Civ. R. 12(b)(6), as follows:

The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

For purposes of considering a motion to dismiss, the Court's review is limited to those facts and documents included in the complaint, and the Court accepts the factual allegations in the complaint as true. *See Miller v. Currier*, 50 F.3d 373, 377 (6th Cir. 1995).

### III.

Plaintiff's complaint contains one allegation specific to Zappos. Specifically, paragraph 18 states: "On information and belief, and without the permission of DSW, Commission Junction is providing affiliate links for and on behalf of, Zappos. . . ." The remainder of Plaintiff's substantive allegations refer to "Defendants" jointly. There are no allegations that Zappos owns the offending domain names, that Zappos directs Commission Junction's activities, that Zappos controls (or even knows) the content of Commission Junction's clients' or affiliates' sites. Plaintiff's complaint does not even allege a legal relationship between Zappos and Commission Junction.

Plaintiff correctly contends that its complaint sets out the elements of its claims. The

3

Court finds that such bare pleading is not sufficient under the standard set out in *Twombly*. 127 S.Ct. 1964-65 ("formulaic recitation of the elements of a cause of action will not do."). The complaint does not "provide the grounds of [plaintiff's] entitlement to relief" against Zappos. For its relief, Plaintiff DSW asks the Court to enjoin Zappos from using or infringing DSW's marks, and to order Zappos from transferring offending domain names to DSW. Without even an allegation that Zappos owns or controls the websites, this relief is not cognizable.

If Zappos does not own, control, or even know of any potentially infringing material on the internet (and no such ownership, control, or knowledge is alleged by Plaintiff), a judgment against Zappos will provide no relief to DSW. *See Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp.2d 678 (D. Md. 2001) ("Fare Deals' claim here fails because it has not alleged any facts that suggest that HRN registered, trafficked in, or used the domain name <faredeals.com>. The bald allegation that HRN 'trafficked in, used and/or licensed the domain name' does not make it so. The presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion.") (citation and internal quotation marks omitted).

The Court finds that the complaint as currently drafted creates no more than a "suspicion of a legally cognizable right of action [and] is insufficient. *Twombly*, 127 S.Ct. at 1965." *Bishop v. Lucent Technology, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008).

In conjunction with Plaintiff's opposition to the motion to dismiss, Plaintiff has requested leave to amend its complaint to add new factual allegations supporting its claims for relief against Zappos. Under Civil Rule 15, the Court finds that justice requires that Plaintiffs be granted leave to amend the complaint to add whatever concrete facts Plaintiffs have a good faith

basis for asserting in support of their claims against Zappos. Accordingly, Zappos' motion to dismiss is denied, without prejudice.

Zappos has also moved the Court to order joinder of necessary parties, the owners of the allegedly offending domain names. In the alternative, Zappos seeks dismissal of DSW's complaint for failure to join such necessary parties. In light of the Court's ruling on Zappos' motion to dismiss under Civ. R. 12(b)(6) and Plaintiff's motion for leave to amend, Zappos' motion to dismiss under Civ. R. 12(b)(7) is denied, without prejudice. In the event DSW can state a properly supported claim for infringement against Zappos in an amended pleading, joinder of additional necessary parties will be evaluated at that time.

## IV.

For the foregoing reasons, Defendant Zappos.com, Inc.'s Motion to Dismiss (doc. 11) is **DENIED**. Plaintiff is granted leave to file an amended complaint within 10 days of the date of this Opinion and Order.

**IT IS SO ORDERED.**

10-24-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5